**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| **LARRY R. WETZEL,** | Civil No. 05-0627 (JNE/JGL) |
| Plaintiff | |
| v. | **REPORT AND RECOMMENDATION** |
| **TIMOTHY TOLLIVER; ED FRAWLEY, JR.; CITY OF FAIRVIEW HEIGHTS, ILLINOIS; and ST. PAUL TRAVELERS FIRE AND MARINE INSURANCE COMPANY,** | |
| Defendants. | |

APPEARANCES

Larry R. Wetzel, pro se

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on pro se Plaintiff Larry Wetzel's Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 8). The matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c). For the reasons set forth below, the Court sua sponte recommends that Plaintiff's Amended Complaint be dismissed for improper venue. Accordingly, all pending matters in this suit, including those entitled requests, motions, notices, and objections, should be

denied as moot.

## I.  INTRODUCTION

As noted in this Court's Order of April 12, 2005, <u>pro se</u> Plaintiff Larry Wetzel originally filed an action in the United States District Court, District of Minnesota, in early February 2005 against the above-named Defendants.  Plaintiff Wetzel opened his initial file with a "Petition for Filing Foreign Judgment" and voluminous attached materials.  The first <u>Wetzel</u> action was assigned to the Honorable Michael J. Davis and this Court under Civil File Number 05-231.  Essentially, Plaintiff Wetzel sought to enforce a default judgment for sixteen million dollars that was allegedly entered in St. Clair County, Illinois, in June 2003.

On March 14, 2005, this Court recommended <u>sua sponte</u> that Plaintiff Wetzel's suit be dismissed in its entirety, as the Court lacked subject matter jurisdiction over his attempted claims.  Specifically, in that suit, Plaintiff had failed to achieve complete diversity over Defendants, which left this Court without jurisdiction over his claims.  Accordingly, the Court also recommended that several matters later filed by Plaintiff be denied as moot, including those entitled requests, motions, "Petition," objections, and a purported civil rights "Complaint" pursuant to 42 U.S.C. § 1983.  For the

benefit of pro se Plaintiff, this Court noted in the Report and Recommendation that "if Plaintiff had opened his case with a civil rights Complaint, which asserts a claim under a federal statute, this Court would have prima facie subject matter jurisdiction over the suit.  However, because this suit is based upon a Petition over which this Court has no subject matter jurisdiction, it may not reach Plaintiff's later attempted civil rights claims.  Plaintiff may wish to bring his civil rights claims in a separate Complaint, but would have to do so in the proper venue."  Wetzel v. Tolliver, Civ. No. 05-0231 (MJD/JGL), Rep. & Rec. at 5 (D. Minn. Mar. 14, 2005) (adopted by Order of Mar. 28, 2005).

At the time of this Court's Report and Recommendation, Plaintiff had not effected service upon any Defendant.  On March 28, 2005, Judge Davis adopted the Report and Recommendation and dismissed Plaintiff's case in its entirety.  On March 31, 2005, in response to continued filings by Plaintiff, Judge Davis issued an Order barring Plaintiff Wetzel from filing any additional documents in that case without first obtaining permission of the Court.

Meanwhile, on March 10, 2005, Plaintiff Wetzel opened another action in the District of Minnesota against the same, above-named Defendants.  The second Wetzel action is grounded in a Complaint pursuant to 42 U.S.C. § 1983, and is assigned to the Honorable Joan N. Ericksen and

this Court under Civil File Number 05-627.  As was his right, Plaintiff filed an Amended Complaint on April 7, 2005.  The underlying assertions in the Amended Complaint parallel those in Wetzel's first suit in this District.  In short, he seeks through various means to enforce an alleged judgment entered in St.

Clair County, Illinois, for the sum of sixteen million dollars.  (Am. Compl. ¶¶ 6, 12, 25-26.)

In his civil rights count, Plaintiff also makes vague and unexplained claims that his due process and "Fifth Amendment" rights have been violated (Am. Compl. ¶¶ 5, 7, 9, 15, 17, 18, 20, 21); that he is a victim under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") (Am. Compl. ¶¶ 6); that he has suffered Equal Protection Clause violations (Am. Compl. ¶¶ 9, 20); and that he is a victim of a conspiracy of wire and mail fraud (Am. Compl. ¶¶ 9, 11).  All of the foregoing are contained in Count I of the Amended Complaint, and none allege any occurrence or event in or related to Minnesota.

Counts II and IV of the Amended Complaint assert a claim of

Fraudulent Conveyance pursuant to Illinois law. (Am. Comp. ¶¶ 27-28 at 7-8[1] and ¶¶ 27-34 at 12-13.) Counts II and IV also reassert many of the civil RICO, equal protection clause, and due process claims included in Count I. Count III asserts a due process claim of "Deprivation Through Illegal Taking." (Am. Compl. ¶¶ 28, 30 at 10.) In Count V, Wetzel seeks "Declaratory Relief," without explanation. (Am. Compl. at 14.) Finally, in addition to various other accusations, Count VI purports to assert a claim under Civil RICO and an Illinois statute. (Am. Compl. at ¶¶ 1-85 at 14-43.) To the extent the Court understand's Plaintiff's assertions, it sees no reference to occurrences in or involving Minnesota in Counts II through VI.

Thus far, no Defendant has answered or otherwise responded to any aspect of Civil File Number 05-627. It appears that service has not been effected upon Defendants. The Court lastly notes that Plaintiff has filed an extraordinary volume of documents in support of his case.

## II.   DISCUSSION

Distinct from jurisdiction, which is the power to adjudicate, is the concept of venue, which relates to the place where judicial authority may be

---

[1] After paragraph twenty-six on page seven, Plaintiff stopped chronologically numbering the paragraphs of his Amended Complaint. Hence, the Court provides corresponding page numbers for paragraphs "twenty-seven" and beyond.

exercised.  See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939).  Federal venue is governed by 28 U.S.C. § 1391.  In a civil action where jurisdiction is not founded solely on diversity of citizenship, such as the instant case, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Finding that venue is not proper in the District of Minnesota, the Court recommends dismissal of this entire action.

In Plaintiff Wetzel's case, subpart one of 28 U.S.C. § 1391(b) does not apply because Defendants reside in different states.  See Wetzel, Civ. No. 05-0231 (MJD/JGL), Rep. & Rec. at 3; (Am. Compl. ¶¶ 1-4.)  The Court finds the fact that Plaintiff sometimes refers to Defendants[2] as "Interpleaders" to be irrelevant.

With regard to subpart two, based on the facts presented in

---

[2] The Court also notes that there is some confusion as to whether Defendant St. Paul Fire and Marine Insurance Company presently exists as an entity.

Plaintiff's Amended Complaint, the Court finds that no substantial part of Plaintiff's claims arose in the District of Minnesota.  Indeed, as noted above, it seems as though no aspect of Plaintiff's underlying assertions occurred in Minnesota.  Hence, Wetzel's action cannot be maintained in this District under subpart two of § 1391(b).  See, e.g., Wisland v. Admiral Bev. Corp., 119 F.3d 733, 736 (8th Cir. 1997) (in personal injury case, finding no venue in Wisconsin even though plaintiff was treated in Wisconsin, because nature of plaintiff's medical treatment not at issue); K-Tel Int'l, Inc. v. Tristar Products, Inc., 169 F. Supp. 2d 1033, 1042 (D. Minn. 2001) (finding venue proper where events supporting a substantial part of underlying claims took place in Minnesota).

Similarly, the Court finds that subpart three of 28 U.S.C. § 1391(b) does not sustain Plaintiff's choice of venue.  Unlike a foreign plaintiff, Wetzel would be free to attempt his claims in a federal district court in Illinois. In sum, no provision in 28 U.S.C. 1391(b) supports Plaintiff Wetzel's choice to venue his case in the District of Minnesota.

In a situation of improper venue, this Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Court has reviewed the egregiously voluminous filings of Plaintiff in this matter.  First,

Plaintiff's meandering forty-four page Amended Complaint fails to meet Federal Rule of Civil Procedure 8's mandate that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Plaintiff's other filings in this matter are largely incoherent, nonsensical, and illogical, containing such irrelevant items as political cartoons and editorials on current events.

Hence, the Court recommends that the interests of justice do not support transferring this action to a sister District Court. Particularly given that this Court specifically warned Plaintiff that he would have to bring any civil rights complaint in a proper venue, the Court does not hesitate to recommend that Plaintiff Wetzel's latest case be dismissed in its entirety on the basis that venue in the District of Minnesota is improper.

Based upon the foregoing, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Plaintiff's Amended Complaint (Doc. No. 8) should be **DISMISSED** in its entirety; and

(2) All pending matters in this suit, including those entitled requests, motions, notices, and objections, should be **DENIED AS MOOT.**

Dated: May 3, 2005

                                         s/ Jonathan Lebedoff
                                        JONATHAN LEBEDOFF
                                        Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 20, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party*s brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.